## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## BRYSON CITY DIVISION
## 2:12cv3

| | | |
|---|---|---|
| DR. JOHN E. PATTERSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| WESTERN CAROLINA UNIVERSITY | ) | |
| and UNIVERSITY OF NORTH | ) | |
| CAROLINA, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

Previously, Plaintiff moved for an extension of the pre-trial deadlines in this case. Specifically, Plaintiff requested that the Court extend the discovery and mediation deadlines until January 31, 2013, and the motions deadline until March 4, 2013. Trial in this case is scheduled for the civil trial term beginning May 28, 2103. Although the Court denied the motion, the Court did allow the parties an additional month to conduct discovery and ten days to file dispositive motions. (Order, November 19, 2012.) The Court warned the parties, however, that no further extensions of time would be granted by the Court. (Id. at p. 2.) Despite the Court's warning, Defendants moved for an extension of time to file a motion for summary judgment. The Court denied the motion, explaining that the Court had provided the parties prior warning that no extensions would be granted. (Order,

1

Jan. 18, 2013.)

Defendants now move this Court to reconsider its prior Order and allow the filing of its Motion for Summary Judgment. Defendants contend that the extension was needed because thirteen depositions were conducted between December 3, 2012, and December 21, 2012. In addition, Defendants contend that it did not receive the transcripts of the depositions until January 11, 2013. As a threshold matter, any delay in receiving the transcripts of depositions and delay caused by the late scheduling of so many depositions is entirely the fault of the parties. The Court entered the Pretrial Order and Case Management Plan on April 30, 2012. This Order set a discovery deadline of December 1, 2012. The parties had ample time to conduct discovery in a manner that would allow the parties to comply with the Court's discovery and dispositive motion deadline. Rather than diligently pursue discovery, however, the parties waited until the very last minute to schedule sixteen depositions in this case, ultimately conducting thirteen of the depositions. Any difficulties in drafting summary judgment motions resulting from this late flurry of depositions was self-imposed by the parties.

Moreover, this Court previously denied the parties' request for an extension of the dispositive motion deadline and warned the parties that the Court would not grant further extensions. (Order, Nov. 19, 2012.) The Court plainly and clearly instructed the parties that it would not further extend the deadlines in this case.

The failure of Defendants to heed the Court's prior warning is another self-inflicted wound. Again, this is not a case where the Court failed to provide counsel warning that it would not grant further extensions of time. Accordingly, after a review of the docket in this case and the Defendants' motion, the Court finds no reason to reconsider its prior Order and **DENIES** the Motion for Reconsideration [# 33]. The Motion for Summary Judgment [# 31] is untimely as the Defendants failed to comply with the Court's prior Order.

Signed: January 23, 2013

Dennis L. Howell
United States Magistrate Judge