# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## BRYSON CITY DIVISION
### 2:12cv3

| | | |
|---|---|---|
| DR. JOHN E. PATTERSON, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| WESTERN CAROLINA UNIVERSITY | ) | |
| and UNIVERSITY OF NORTH | ) | |
| CAROLINA, | ) | |
| | ) | |
| **Defendants.** | ) | |
| _____ | ) | |

Pending before the Court is Plaintiff's Motion to Quash [# 38]. Plaintiff moves to quash the *de bene esse* deposition of Robert McMahan. Upon a review of the record and the relevant legal authority, the Court **DENIES** the motion [# 38].

## I.      Background

Discovery in this case closed January 1, 2013. On March 15, 2013, Defendant served a Notice of Deposition on Plaintiff noticing the depositing of Robert McMahan on May 6, 2013. The Notice of Deposition indicated that the purpose of taking the deposition was to preserve Mr. McMahan's testimony for trial pursuant to the Rule 32 of the Federal Rules of Civil Procedure and the Court's Pretrial Order. The deposition is scheduled to take place in Cullowhee,

1

North Carolina.   After receiving the Notice of Deposition, Plaintiff filed the instant Motion to Quash and Objection to the Notice of Deposition.

## II.    Analysis

There is a distinction between general discovery taken during the discovery period and *de bene esse* depositions, which may be taken after the expiration of the discovery period.  See Bouygues Telecom, S.A. v. Tekelec, Inc., 238 F.R.D. 413, 414 (E.D.N.C. 2006).  "The purpose of a discovery deposition is to discover information; the purpose of a *de bene esse* deposition is to preserve testimony for trial."  Id.; see also The Neighbors Law Firm, P.C. v. Highland Capital Mgmt., No. 5:09-CV-352-F, 2011 WL 649925, at *2 (E.D.N.C. Feb. 10, 2011).  The Federal Rules of Civil Procedure specifically provide for the use of a deposition, whether taken during the discovery period or as a *de bene esse* deposition, in a court proceeding.  Fed. R. Civ. P. 32; Tatman v. Collins, 938 F.2d 509, 510-11 (4th Cir. 1991).  Rule 32, however, only sets forth the procedure for when a party may use a deposition in a court proceeding; Rule 32 does not address the taking of a *de bene esse* deposition.  See Fed. R. Civ. P. 32.  Some courts, such as the United States District Court for the Eastern District of North Carolina, have specific local rules addressing the taking of *de bene esse* deposition.  See Bouygues, 238 F.R.D. at 414.  In this Court, the taking of a *de bene esse* deposition is governed by the Court's Pretrial Order and Case Management Plan, which provides that depositions

taken for the sole purpose of preserving testimony at trial are not considered discovery provided that: (1) the witness will be unavailable for trial for one of the reasons set forth in Rule 32; (2) the reason for the unavailability is that the witness resides outside the subpoena power of the Court and the party seeking to take the deposition has failed, after making a good faith effort, to obtain a commitment from the witness to appear and testify voluntarily at the trial; and (3) the deposition can be concluded fourteen days prior to the trial.  (Order, Apr. 27, 2012, at p. 4.)

Defendant has satisfied the standard set forth in the Pretrial Order for the taking of a *de bene esse* deposition.  Defendant has demonstrated that the witness is unavailable pursuant to Rule 32, that he tried to voluntarily obtain the testimony of the witness at trial but was unable to do so, and the deposition can be concluded fourteen days prior to trial.  Finally, Mr. McMahan is outside the subpoena power of this Court.  Although Rule 45(a)(2)(A), provides that a subpoena to appear at a trial and testify must be issued by the court for the district where the trial is to be held, the Court cannot compel Mr. McMahan to attend because he is not within the state of North Carolina and not within 100 miles of the Court.  Fed R. Civ. P. 45(b)(2); 9A Charles Alan Wright, Arthur R. Miller, Mary Kay Kane & Richard L. Marcus, Federal Practice & Procedure § 2461 (3d ed. 2008) ("A nonparty who is not within the state in which the district court sits and not within 100 miles of the court may not be compelled to attend a hearing or trial").  "Thus, a nonparty

witness outside the state in which the district court sits, and not within the 100-mile bulge, may not be compelled to attend a hearing or trial, and the only remedy available to litigants, if the witness will not attend voluntarily, is to take his deposition pursuant to 45(d)." Guthrie v. Am. Broad. Cos., Inc., 733 F.2d 634, 637 (4th Cir. 1984). Accordingly, the Court finds that the taking of a *de bene esse* deposition is appropriate in this case, and the Court **DENIES** Plaintiff's Motion to Quash [# 38]. Whether or not Defendant can introduce the deposition at trial is an issue for the District Court to address at trial.

### III.    Conclusion

The Court **DENIES** the Motion to Quash [# 38].

Signed: April 16, 2013

Dennis L. Howell
United States Magistrate Judge

4