# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# BRYSON CITY DIVISION

## CIVIL CASE NO. 2:12cv03

| | |
|---|---|
| DR. JOHN E. PATTERSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | ORDER |
| ) | |
| WESTERN CAROLINA UNIVERSITY ) | |
| and ) | |
| UNIVERSITY OF NORTH CAROLINA, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

**THIS MATTER** is before the Court on the *pro se* Motion to Quash of Robert Ford [Doc. 48].

Robert Ford (Ford) is not a party to this action nor is he an officer of either Defendant. Ford has been subpoenaed by the Plaintiff as a witness at the upcoming trial of this matter. In his motion, Ford discloses that he moved to Arkansas on May 9, 2013 and that, although he resided in North Carolina for some period of time, he never changed his permanent address from Arkansas to this state. He also has continuously owned a residence in Arkansas for which he has paid real estate taxes. Ford states that it would be a financial burden for him to return to North Carolina for the trial.

The Court notes that the Plaintiff has listed Ford as a witness through either live or deposition testimony, thus indicating that the Plaintiff has a deposition transcript of Ford's testimony.

In response to the motion, the Plaintiff concedes that Ford now resides in Arkansas at a place located more than one hundred miles from the trial location. [Doc. 50]. At the time the subpoena was issued, however, Ford was within that one hundred mile radius. [Id.]. Counsel further concedes that he has not located any case law disclosing whether the radius is judged as of the date of the subpoena or the date of the trial. [Id.].

Federal Rule of Civil Procedure 45 provides in pertinent part:

> On timely motion, the issuing court *must* quash or modify a subpoena that … requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business[.]

Fed.R.Civ.P. 45(c)(3)(A)(ii) (emphasis provided). The purpose of the Rule is to protect the subpoenaed party from the burden of traveling more than one hundred miles to attend the trial. Iorio v. Allianz Life Ins. Co. of North America, 2009 WL 3415689 **5 (S.D.Cal. 2009) (because the subpoenas required movants to travel more than 100 miles to attend trial, motion to quash granted). The Rule is silent as to the time of issuance, concentrating instead on the time when the subpoenaed person must attend the trial.

2

Ford at this time resides in Arkansas and if the subpoena is not quashed, he will be forced to travel more than one hundred miles in order to appear at trial. The Court will therefore quash the subpoena.

In any event, Rule 45(3)(B)(iii) provides an issuing court with the discretion to protect a person subpoenaed who is neither a party nor an officer of a party to travel more than one hundred miles if such travel would cause that person to incur substantial expense. Such is the case here. Rule 45(3)(C) provides alternative conditions pursuant to which the subpoenaed person could be ordered to appear. Fed.R.Civ.P. 45(3)(C). The Plaintiff, however, has neither cited this provision nor argued that there is a substantial need for the testimony and that Ford will be reasonably compensated. As an alternative ruling, therefore, the Court would quash the subpoena pursuant to Rule 45(3)(B) & (C).

**IT IS, THEREFORE, ORDERED** that the *pro se* Motion to Quash of Robert Ford [Doc. 48] is hereby **GRANTED**.

Signed: May 22, 2013

Martin Reidinger
United States District Judge