THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
BRYSON CITY DIVISION
CIVIL CASE NO. 2:12-cv-00003-MR-DLH

| | |
|---|---|
| DR. JOHN E. PATTERSON, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>WESTERN CAROLINA UNIVERSITY )<br>and UNIVERSITY OF NORTH )<br>CAROLINA, )<br>)<br>Defendants. )<br>_____ ) | <u>O R D E R</u> |

**THIS MATTER** is before the Court on the Plaintiff's Motion to Dismiss without Prejudice [Doc. 63].

## I.  PROCEDURAL BACKGROUND

The Plaintiff initiated this action against the Defendants on February 16, 2012 alleging four causes of action: (1) retaliation in violation of Title VII of the Civil Rights Act of 1964; (2) retaliation in violation of Title IX of the Educational Amendments of 1972; (3) infringement of his First Amendment rights, in violation of 42 U.S.C. § 1983; and (4) violation of North Carolina's Whistleblower Act, N.C. Gen. Stat. § 126-84 *et seq.* [Doc. 1]. Defendants filed an Answer on March 30, 2012 [Doc. 5] and filed a Motion to Dismiss in

Part on August 21, 2012 [Doc. 13]. On November 26, 2012, Magistrate Judge Howell entered a Memorandum and Recommendation, in which he recommended that the Court dismiss Plaintiff's claims under Title VII, § 1983, and North Carolina's Whistleblower Act. [Doc. 22]. The Court accepted Judge Howell's recommendation on January 14, 2013. [Doc. 29]. On January 19, 2013, Defendants filed a Motion for Summary Judgment [Doc. 31], which motion was stricken by the Court [See Text-Only Order entered Jan. 24. 2013].

The trial of this matter was originally set for the first session on or after May 13, 2013, but was rescheduled by the Court for the first session on or after May 28, 2013. As the term beginning May 28, 2013 approached, the Court informed the parties that their trial would likely not get reached, which resulted in the parties filing a Joint Motion to Continue on May 24, 2013. [Doc. 61]. By Order entered on May 29, 2013, the trial was continued to the mixed trial term that begins on August 12, 2013. [See Text-Only Order entered May 29, 2013].

The Plaintiff now moves to dismiss this action without prejudice pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure. [Doc. 63]. In their Response to the Plaintiff's Motion, the Defendants request that the Court grant the Plaintiff's motion, but with conditions attached to protect

the interests of the Defendants. Alternatively, the Defendants request that the Court grant the Plaintiff's motion and award costs to the Defendants, or, in the alternative, deny the motion outright. [Doc. 65].

## II. DISCUSSION

Under the Federal Rules of Civil Procedure, a plaintiff has an absolute right to dismiss an action without prejudice up until the defendant answers the complaint or moves for summary judgment. Fed. R. Civ. P. 41(a)(1). Otherwise, dismissal is permitted only by court order or by stipulation of the parties. Fed. R. Civ. P. 41(a)(2); Marex Titanic, Inc. v. Wrecked and Abandoned Vessel, 2 F.3d 544 (4th Cir. 1993).

The purpose of Rule 41(a)(2) is freely to allow voluntary dismissals unless the parties will be unfairly prejudiced. Davis v. USX Corp., 819 F.2d 1270, 1273 (4th Cir. 1987). "To fulfill this purpose, Rule 41(a)(2) requires a court order as a prerequisite to dismissal and permits the district court to impose conditions on voluntary dismissal to obviate any prejudice to the defendants which may otherwise result from dismissal without prejudice." Id. Accordingly, a plaintiff's motion under Rule 41(a)(2) for dismissal without prejudice should not be denied absent substantial prejudice to the defendant. Andes v. Versant Corp., 788 F.2d 1033 (4th Cir. 1986).

In determining whether to grant a plaintiff's motion to dismiss, the Court must consider the following factors: (1) "the opposing party's effort and expense in preparing for trial[;]" (2) "excessive delay and lack of diligence on the part of the movant[;]" (3) "insufficient explanation of the need for a voluntary dismissal[;]" and (4) "the present stage of litigation[.]" Miller v. Terramite Corp., 114 F. App'x 536, 539 (4th Cir. 2004).

Applying these factors to the present case, the Court concludes that Defendants would not be substantially prejudiced by this matter being dismissed without prejudice. Defendants' effort and expense in preparing for trial will be substantially the same whether the trial is held during the term beginning on August 12, 2013 or whether the case is tried in a subsequent case (in the event that Plaintiff decides to re-file his claims).[1] The parties engaged in significant trial preparation prior to the May 28, 2013 term, including filing their trial briefs, jury issues, proposed issues and stipulations, and by exchanging witness lists and exhibit lists as well as with other activity. Thus, if this matter is re-filed at a later date, the parties could

---

[1] Furthermore, the parties were informally advised by the Court's chambers on July 22, 2013 that this motion would be granted and thus were able to avoid incurring any further expense by suspending any additional trial preparations.

benefit from and utilize all of their preparation and discovery generated in the present action.[2]

Turning to the second factor, the Court notes that throughout the course of this litigation, Plaintiff has systematically and actively engaged in prosecuting his case by engaging in discovery and by filing and responding to motions. Plaintiff has further met all deadlines set forth by the Court in its Case Management Plan, including pre-trial filings and disclosures. Indeed, the Plaintiff would be ready to proceed to trial, except for his current medical condition and physician-imposed restrictions on his activity, as explained in the Affidavit of his treating physician, Dr. Randles. [See Doc. 63-1]. Accordingly, Plaintiff could hardly be accused of engaging in any "excessive delay" or "lack of diligence."

Further, the Court finds that Plaintiff has provided a sufficient explanation for seeking a voluntary dismissal at this juncture. Plaintiff seeks dismissal at the behest of his treating physician, due to a neurological illness involving recurrent seizures and blood pressure levels

---

[2] One of the conditions requested by the Defendants is that the Plaintiff should be required to agree that all of the discovery generated to date in this action may be used in any subsequently filed action. The Plaintiff does not appear to object to this request, as he argues that the parties would "benefit from and can utilize all of their preparation and discovery in this case." [Doc. 64 at 5]. The Court sees no reason, therefore, to address this condition further.

that place him at risk for a stroke, heart attack or heart failure. [Doc. 63-1]. Dr. Randles opines that Plaintiff's symptoms are worsened by stressful situations, and he has deemed traveling to and participating in his trial a stressful situation that Plaintiff should avoid at the present time. [Id.].

Because Plaintiff is not physically in a condition that will allow him to attend and participate in the trial of this matter, and because dismissal would not cause substantial prejudice to the Defendants, the Court concludes that Plaintiff's motion to dismiss this action without prejudice should be granted.

As requested by the Defendants, the taxable costs incurred in this matter shall be taxed against the Plaintiff, and further the dismissal is based in part upon the Plaintiff's agreement that the discovery material developed in this action to date could be used in any subsequently filed action. See Davis v. USX Corp., 819 F.2d 1270, 1276 (4th Cir. 1987) (noting that requiring payment of taxable costs and agreement to use of discovery are conditions which "should be imposed as a matter of course in most cases").

**O R D E R**

Accordingly, **IT IS, THEREFORE, ORDERED** that the Motion to Dismiss without Prejudice [Doc. 63] is **GRANTED**.

**IT IS FURTHER ORDERED** that the costs of this action are taxed against the Plaintiff and the Defendants shall submit a bill of costs within fourteen (14) days of the entry of this Order.

**IT IS FURTHER ORDERED** that the Clerk is directed to remove this case from the August 12, 2013 trial calendar.

**IT IS SO ORDERED.**

Signed: August 12, 2013

Martin Reidinger
United States District Judge